IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE LEE MITCHELL, #166264, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15cv691-MHT |
| | ) | [WO] |
| LEON FORNISS, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Eddie Lee Mitchell on September 17, 2015. Doc. 1. Mitchell alleges that the Alabama Board of Pardons and Paroles (the "Board") violated the ex post facto clause of the United States Constitution when, after denying him parole at his April 2013 parole consideration, it set his next parole consideration date for five years later instead of the three-year delay provided in the Board regulations that were in effect when he committed the crimes for which he is imprisoned. For the reasons that follow, it is the recommendation of the Magistrate Judge that Mitchell's § 2254 petition be denied and this case be dismissed with prejudice.

## I. BACKGROUND

Mitchell was convicted of first-degree rape and first-degree burglary in January 1992 in the Circuit Court of Montgomery County, Alabama. He was sentenced to 25 years of imprisonment for the rape conviction and 15 years of imprisonment for the burglary conviction with the terms to run consecutively. *See* Doc. 1 at 1; Doc. 10-8 at 2.

In 1991, when Mitchell committed the crimes for which he is imprisoned, the Board's regulations fixed the maximum set-off for the next parole consideration for an Alabama inmate at three years from the date of denial of parole. *See* Doc. 10-1 at 8–9 (attaching Rules, Regulations and Procedures of the Board of Pardons and Paroles (1982, revised 1986), former Ala. Adm. Code § 640-X-2-.02(8)). In March 2001, the Board amended its regulations to alter the frequency of parole consideration from a maximum of every three years to a maximum of every five years from the date of denial of parole. *See* Doc. 10-1 at 36 (attaching 2001 revision of Rules, Regulations and Procedures of the Board of Pardons and Paroles (2001), Article Six, § 11).[1]

In July 2002, at his initial parole consideration, the Board denied Mitchell's request for parole and reset him for further parole consideration in July 2007, a five-year set-off. *See* Doc. 10-1 at 26. Mitchell did not challenge that decision by the Board. In December 2007, Mitchell was again considered for and denied parole, and the Board reset him for further parole consideration in December 2007, a five-year set-off. *See* Doc. 10-1 at 27. That decision also was not challenged by Mitchell.

On April 23, 2013, Mitchell was considered for and denied parole a third time, and the Board reset him for further parole consideration in April 2018, again a five-year set-off. *See* Doc. 10-1 at 28. Unhappy with the Board's decision, Mitchell, on August 6, 2014, filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery

---

[1] By its language, the amended regulation vests the Board with discretion to determine how often to set an inmate's date for further parole consideration, but that this period is "not to exceed five (5) years." Rules, Regulations and Procedures of the Board of Pardons and Paroles (2001), Article Six, § 11.

County, arguing that the Board violated the ex post facto clause by setting his next parole consideration date for five years, instead of the three-year maximum set by Alabama Administrative Code § 640-X-2-.02(8), the regulation in effect when he committed his crimes in 1991. Doc. 10-1 at 4–7. On September 15, 2014, the circuit court summarily dismissed Mitchell's petition for writ of certiorari. Doc. 10-3 at 23.

Mitchell appealed to the Alabama Court of Criminal Appeals, reasserting his ex post facto claim, and on March 6, 2015, the Alabama Court of Criminal Appeals affirmed the circuit court's judgment in a memorandum opinion. Doc. 10-8. Mitchell applied for rehearing, but that request was overruled on March 27, 2015. Docs. 10-9 & 10-10. The Alabama Supreme Court denied his petition for writ of certiorari on May 15, 2015. Docs. 10-12 & 10-13.

On September 17, 2015, Mitchell filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting, as he did in the state courts, that the Board violated the ex post facto clause when it set his next parole consideration date for five years instead of three years. Doc. 1 at 5. The respondents argue that Mitchell's § 2254 petition should be denied because the state court decision denying his ex post facto claim was neither contrary to established precedent of the United States Supreme Court nor an unreasonable determination based on the evidence in the state court proceedings. *See* Doc. 10.

## II. DISCUSSION

**A.   Timeliness**

Had the respondents argued that Mitchell's § 2254 petition is time-barred under the

3

AEDPA's one-year limitation period, that argument likely would have been meritorious.[2]

The Board decision that Mitchell challenges in his § 2254 petition occurred on April 23, 2013, when the Board, applying a five-year set-off, scheduled him for further parole consideration in April 2018. Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Mitchell to apply for federal habeas relief runs from the date of the Board's April 23, 2013 decision—"the date on which the factual predicate of the claim or claims presented [by Mitchell] could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D [of 28 U.S.C. § 2244(d)(1)], and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown*). Therefore, absent statutory or equitable tolling, Mitchell had until April 23, 2014, to file a § 2254 petition challenging the Board's April

---

[2] Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d).

2013 decision.

In Alabama, there is no direct appeal procedure by which an inmate may appeal decisions of the Alabama Board of Pardons and Paroles. A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge such a ruling by the Board. *Samuels v. Ala. Bd. of Pardons & Paroles*, 687 So. 2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So. 2d 743 (Ala. Crim. App. 1984). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review remains pending is not counted toward the one-year federal limitation period for filing a § 2254 petition. A properly filed petition for a common-law writ of certiorari in the Circuit Court of Montgomery County would have activated the tolling provision of § 2244(d)(2). However, Mitchell's filing of a petition for a common-law writ of certiorari in the Montgomery County Circuit Court on August 6, 2014 did not toll the limitation period under § 2244(d)(2) because the limitation period ran unabated during the one-year period between April 23, 2013 and April 23, 2014, and had already expired before Mitchell filed his petition for a common-law writ of certiorari. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court petition filed after expiration of the federal limitations period cannot toll that period); *Hawes*, 335 F. App'x at 884 (same).

Mitchell filed his § 2254 petition on September 17, 2015. This court deems it unnecessary to consider whether other forms of statutory or equitable tolling might apply in Mitchell's case and declines to apply the federal time-bar to Mitchell's petition *sua sponte*, because, as discussed below, Mitchell's ex post facto claim plainly lacks merit. *See*

5

*United States v. Nyhuis*, 8 F.3d 731, 744 (11th Cir. 1993) (declining to decide a procedural default issue because petitioner's claim lacked merit); *Jackson v. United States*, 2006 WL 1794746, at *2 (M.D. Ala. Jun. 28, 2006) (pretermitting consideration of default where petitioner's claims lacked merit).

**B.     Merits of Ex Post Facto Claim**

Under the AEDPA, where a state court has rejected a petitioner's habeas claims, a federal court may grant habeas relief only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–13 (2000).

The ex post facto clause of the Constitution bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). Retroactive changes to parole laws may, in some cases, violate this precept. *Id.* at 250. The proper inquiry in parole cases is whether the retroactive change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id*. (internal quotation marks and citation omitted). The application of the ex post facto clause to inmates claiming an entitlement to more frequent parole consideration must be made on a case-by-case basis. *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000). In making these decisions, a court must consider evidence of the general operation of the parole system and any other evidence produced by a prisoner to support his assertion that the regulation "'as applied to his sentence,' created a significant

risk of increasing his punishment." *Id*. (quoting *Garner*, 529 U.S. at 255). Any discretion vested in the parole board complicates a determination of whether retroactive application of parole regulation implicates the ex post facto clause. *Garner*, 529 U.S. at 249. In deciding whether a parole regulation prevents a parole board's exercise of discretion, the court may consider the implementing regulations, the statutory structure and the board's representations regarding its operations. *Id*. at 254. "The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience." *Id.* at 253.

In affirming the Circuit Court of Montgomery County's dismissal of Mitchell's petition for a common-law writ of certiorari, the Alabama Court of Criminal Appeals considered the general operation of Alabama's parole regulations in light of the standard in *Garner* to determine that the Board did not violate the ex post facto clause when applying the five-year set-off to Mitchell's next parole consideration date. *See* Doc. 10-8. In *Garner*, the Supreme Court addressed whether an amended rule increasing parole consideration hearings from every three years to every eight years in Georgia violated the ex post facto clause. The Supreme Court determined that extending the time for a scheduled parole consideration hearing did not prevent the exercise of discretion by the Georgia Board of Pardons and Paroles during the period between parole reviews because the agency's policies permitted the board, in its discretion, to schedule expedited reviews if a change in circumstances occurred or new information came to light. *Garner*, 529 U.S. at 256.

Regarding the general operation of Alabama's parole regulations, this court has observed:

> Alabama law gives the [Board] broad discretion to determine whether an

7

> inmate should be granted parole, and "when and under what conditions" parole should be granted. Ala. Code §§ 15-22-24(a), 15-22-26. The parole board is required to consider the public interest in every case. *Id*. § 15-22-26. Article 2, § 7 of the Regulations provides that, if the [Board] "scheduled the next consideration three years or more after the denial [of parole] ..., the [Review] Committee may consider earlier scheduling, but such review shall not begin earlier than eighteen months after the Board has denied or revoked parole." Moreover, Article 2, § 1, provides that "[s]uch a rescheduling may be granted only for good cause shown and circumstances bearing on [the inmate's] probability to succeed on parole, not merely because the prisoner is following the rules in prison." *Id*. Thus, the rule changes [to the Board's operating procedures] were designed to facilitate better exercise of the [Board's] discretion. *See Garner*, 529 U.S. at 254–55.

*Carey v. Danford*, 2013 WL 3450919, at *14 (M.D. Ala. Jul. 9, 2013). In light of the broad discretion vested in the Board, the courts of this district have rejected ex post facto challenges nearly identical to the one presented by Mitchell in his § 2254 petition. *See, e.g., Carey*, 2013 WL 3450919 (rejecting habeas petitioner's ex post facto challenge to application of five-year set-off); *Owens v. Dillard*, 2016 WL 8259494, at *4 (M.D. Ala. Dec. 14, 2016) (denying relief to 42 U.S.C. § 1983 claimant alleging ex post facto violation from application of five-year set-off); *Foster v. Dillard*, 2016 WL 3025336, at *8–9 (M.D. Ala. Apr. 12, 2016) (same); *Sullivan v. Williams*, 2008 WL 4007020, at *6–7 (M.D. Ala. Aug. 26, 2008) (same); *Wheeler v. Segrest*, 2007 WL 1589513, at *7–8 (M.D. Ala. Jun. 1, 2007) (same); *Horsman v. Williams*, 2006 WL 3350473, at *9–10 (M.D. Ala. Nov. 16, 2006) (same); *Latham v. Williams*, 2006 WL 2590516, at *8–9 (M.D. Ala. Sep. 8, 2006) (same). Mitchell presents no convincing argument for a different result in his case.

"A new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not violate" the ex post facto clause. *Olstad v. Collier*, 326 F. App'x 261, 263 (5th Cir. 2009). The imposition by the Board of a potential five-year

set-off until Mitchell's next parole review presents no ex post facto violation because its effect on increasing Mitchell's punishment is merely conjectural. The Board never guaranteed Mitchell he would be unconditionally released before completion of his 40-year sentence. Furthermore, 18 months after a denial of parole, Mitchell has the opportunity under the Board's operating procedures to submit information about changed circumstances bearing on his suitability for parole, and he could be scheduled for consideration at an earlier date. *See Carey*, 2013 WL 3450919, at *14. Consequently, even if the risk of an increased term of incarceration develops in Mitchell's case, he may, upon a showing of "good cause . . . and circumstances bearing on his probability to succeed on parole," seek an earlier review before the five-year interval expires. *Id*.

Because Mitchell fails to show that the potential increase in time between his parole consideration dates lengthened his actual term of imprisonment or created a significant risk of increased punishment, the change in the Board's regulation does not present an ex post facto problem. *See Garner*, 529 U.S. at 253–56; *Olstad*, 326 F. App'x at 263–64 (holding that retroactive imposition by parole board of changes in Texas parole policy allowing a potential five-year set-off until prisoner's "next parole review presents no ex post facto violation because its effect on increasing [plaintiff's] punishment is merely conjectural"); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995) (holding that a change in rules that retroactively lengthens the time between parole reconsideration hearings does not violate the ex post facto clause).

Here, the state court decision rejecting Mitchell's ex post facto claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and it did

not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Therefore, Mitchell is entitled to no relief on his claim.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition be denied and that this case be dismissed with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **May 29, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 15th day of May, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE